1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY MARTINEZ, | CASE NO. 3:22-CV-05674-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). For the reasons discussed below, Defendants' notice of removal fails to plausibly allege the elements of diversity jurisdiction. They must accordingly show cause, within 10 days, why the Court should not remand this case to Snohomish County Superior Court for lack

of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) ("[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." (emphasis omitted)).

## I.   BACKGROUND

Plaintiff Anthony Martinez was injured in an automobile accident involving a third-party tortfeasor. Dkt. No. 6 at 2. Although he settled his claim with the third party's insurer, he sought to recover additional damages under his million-dollar GEICO underinsured motorist policy. *Id.* ("Mr. Martinez's damages from the collision exceed the amount of the settlement with Mr. McElroy."). GEICO denied Martinez's claim for UIM benefits. *Id.* at 4. Martinez then sued GEICO and Governmental Employees Insurance Company in state court for breach of contract, breach of the duty of good faith, bad faith, negligent claims handling, and violations of Washington's Insurance Fair Conduct Act. *Id.* at 3–5.

Defendants timely removed the case to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 3 at 1. As relevant here, they contend that the amount-in-controversy requirement is met for purposes of diversity jurisdiction because Martinez seeks "underinsured motorist benefits, general damages for pain and suffering, past and future medical expenses, attorney fees and costs, and treble damages" under a million-dollar policy. *Id.* at 2. Defendants also premise their amount-in-controversy assertion on Martinez's allegation that "his claim exceeds the value of the underlying settlement with the tortfeasor." *Id.*

## II.   DISCUSSION

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction

exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit, however, strictly construes the removal statute against removal jurisdiction. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–1057 (9th Cir. 2018). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). And where, as here, "the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). A district court must remand the action to state court if at any time it determines that "less than a preponderance of the evidence supports the right of removal[.]" *Hansen*, 902 F.3d at 1057. Doubts as to removability are resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

To be sure, the notice of removal need only contain "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). The Supreme Court has interpreted this as requiring "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2017); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability."). And the Ninth Circuit has likewise clarified that the notice of removal need not "prove" subject matter jurisdiction: "the fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). Only when the plaintiff contests, or the district court questions, a defendant's allegations must the defendant produce evidence

1    establishing the amount in controversy. *Dart Cherokee*, 574 U.S. at 89; *see* 28 U.S.C. §

2    1446(c)(2)(B).

3        This is one such case. As noted above, Defendants contend that the jurisdictional threshold

4    is met because Martinez seeks "general damages for pain and suffering, past and future medical

5    expenses, attorney fees and costs, and treble damages" in an amount purportedly greater than the

6    settlement sum between Martinez and the third-party tortfeasor. Dkt. No. 6 at 2. But neither the

7    complaint nor the notice of removal quantifies the third-party tortfeasor settlement or provides any

8    other indication of the amount in controversy. Defendants do not include or reference Martinez's

9    IFCA notice, *see* Wash. Rev. Code § 48.30.015(8)(a), or any other demand letter for that matter,

10   *see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (a settlement letter is relevant

11   evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

12   claim). They instead rely on Martinez's unadorned assertion that "his claim exceeds the value of

13   the underlying settlement with the tortfeasor." *Id.*

14       Such allegations do not plausibly establish the jurisdictional minimum. General damages

15   for pain and suffering, medical expenses, treble damages, and attorney fees do not automatically

16   exceed $75,000 simply because the policy at issue has a million-dollar limit. Without any plausible

17   allegation as to the amount of the third-party tortfeasor settlement or any other information

18   regarding the accident, there is no baseline from which to estimate damages and attorney fees. *See*

19   *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) ("[A] damages assessment may

20   require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot

21   be pulled from thin air but need some reasonable ground underlying them."); *Arias v. Residence*

22   *Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (an assumption may be reasonable if it is

23   founded on the allegations in the complaint).

24

1

### III.   CONCLUSION

Defendants shall have 10 days from the date of this Order to supplement their notice of removal and show by a preponderance of the evidence that the jurisdictional requirements are satisfied. *See Acad. of Country Music*, 991 F.3d at 1069; *Arias*, 936 F.3d at 924. Should they fail to do so, this case will be remanded back to the Snohomish County Superior Court.

Dated this 16th day of March, 2023.

Lauren King
United States District Judge